**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JOHN DOUGLAS HOUSTON #01989499** | § | |
| | § | |
| **V.** | § | **A-25-CV-01718-RP** |
| | § | |
| **TEXAS DEPARTMENT OF CRIMINAL** | § | |
| **JUSTICE** | § | |

**ORDER**

Before the Court is Plaintiff's civil rights complaint. Although Plaintiff brings this suit as a civil rights action, he is challenging the calculation of his sentence, which in turn, implicates the fact of his incarceration. The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).

A fundamental prerequisite to federal habeas corpus relief is the exhaustion of all claims in state court prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995).

Section 2254(b) provides:

(1)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that:

(A)     the applicant has exhausted the remedies available in the courts of the State; or

(B)     (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b).

1

The exhaustion requirement is designed in the interests of comity and federalism to give state courts the initial opportunity to pass upon and correct errors of federal law in a state prisoner's conviction. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). The purpose and policy underlying the exhaustion doctrine is to preserve the role of the state courts in the application and enforcement of federal law and prevent disruption of state criminal proceedings. *Rose v. Lundy*, 455 U.S. 509, 518 (1982)(citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-91 (1973)). A petition under Section 2254 "must be dismissed if state remedies have not been exhausted as to any of the federal claims." *Castille v. Peoples*, 489 U.S. 346, 349 (1989). The exhaustion doctrine "requires that the Texas Court of Criminal Appeals be given an opportunity to review and rule upon the petitioner's claim before he resorts to the federal courts." *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985).

On October 25, 2025, the Court ordered Plaintiff to show cause by November 24, 2025, why this action should not be construed as a petition for writ of habeas corpus and dismissed for failure to exhaust his state court remedies. On November 17, 2025, Plaintiff filed a notice of change of address. On November 25, 2025, the Clerk of Court remailed to Plaintiff a copy of the Court's order. To date, Plaintiff has not responded.

It is therefore **ORDERED** that Plaintiff's complaint is construed as a petition for writ of habeas corpus and is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust his state court remedies. The Court **DENIES** a certificate of appealability.

It is further **ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis is

**GRANTED**.

**SIGNED** on January 6, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

3